```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-2-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEVIN KEITT,

                              Plaintiff,                   09 Civ. 5663 (PKC) (DCF)

                            -against-                ORDER ADOPTING
                                                                         REPORT AND
                                                                          RECOMMENDATION

THE CITY OF NEW YORK, JOHN HENRY
DOE AS COMMISSIONER OF THE NEW
YORK CITY POLICY DEPARTMENT,
ANDY SEEWALD, PETE MASSA, JOHN
DOE # 2 THROUGH 14, AS MEMBER OF
THE NEW YORK CITY POLICE
DEPARTMENT, IN THEIR INDIVIDUAL
AND PERSONAL CAPACITIES,

                              Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff filed his pro se complaint on June 22, 2009, asserting that defendants acted in violation of the constitutions of the United States and the State of New York when they arrested him on June 8, 2005.  Specifically, the plaintiff alleges that he was racially profiled, falsely arrested and imprisoned, experienced unlawful identification procedures, subjected to a conspiracy to manufacture false charges, and denied medical treatment. Pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, he asserts violations of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and Article I of the New York State Constitution.

        On August 9, 2010, Magistrate Judge Freeman issued a Report and Recommendation ("R&R") recommending that this Court dismiss the plaintiff's action as time-barred.  The R&R advised the parties that any objections should be filed within 14 days

of service of the R&R. On August 31, 2010, the Court received objections from the plaintiff, dated August 22, 2010.

I have reviewed the R & R de novo. I conclude that the R & R is well-reasoned and grounded in fact and in law. It is adopted in its entirety.

Plaintiff was arrested on June 8, 2005 by officers of the New York City Police Department, and charged with, among other things, robbery in the first and second degree, and was later convicted by a jury on February 7, 2006. (Compl. ¶¶ 11-79.) Throughout the current proceeding, plaintiff has made clear that he suffers from dyslexia. (R&R at 4-8; Objections ¶¶ 1-15.) In telephonic conferences and in oral argument pertaining to the present motion, the plaintiff explained aspects of his condition to Magistrate Judge Freeman and the defendants. (R&R at 4-8.)

In granting the motion to dismiss, Magistrate Judge Freeman carefully summarized authority pertaining to the statute of limitations for claims brought under Title 42 of the United States Code. (R&R at 11-13.) The R&R correctly noted that New York's three-year statute of limitations applies to such claims, but that federal law governs when the claims accrue. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). The R&R concluded that plaintiff's claims accrued in June 2005, when he was allegedly racially profiled, falsely arrested, imprisoned and denied medical care. (R&R at 12.) For the claims to be timely, therefore, plaintiff was required to file them no later than June 2008. (R&R at 13.) Magistrate Judge Freeman correctly noted that plaintiff's subjective understanding of the law was immaterial to his action's timeliness. (R&R at 13.)

The R&R also concluded that there was no basis to toll the limitation period of plaintiff's claims, either pursuant to CPLR 208 or the principles of equitable tolling.

CPLR 208 permits tolling for reasons of "infancy or insanity." Magistrate Judge Freeman concluded that the symptoms of plaintiff's dyslexia did not fall within CPLR 208. (R&R at 14-18.) Plaintiff's claims were not equitably tolled, Magistrate Judge Freeman concluded, because there was no allegation that acts of egregious wrongdoing interfered with the plaintiff's awareness of his claims. (R&R at 18-19.) Magistrate Judge Freeman also noted that neither dyslexia nor difficulty with reading and writing is an accepted basis for equitably tolling a claim. (R&R at 20, citing Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007); Marte v. Brown, 2010 WL 1644271, at *3 (S.D.N.Y. Apr. 21, 2010).)

Magistrate Judge Freeman recommended that the Court dismiss the plaintiff's state-law claim as time-barred pursuant to New York General Municipal Law § 50-i(1)(c), which establishes a limitations period of one year and ninety days for actions against city employees. (R&R at 21-22.) The R&R noted that ordinarily, supplemental jurisdiction would not be exercised over the plaintiff's state-law claims, but that because the "claims are plainly time-barred," the best interest of judicial economy supported their dismissal. (R&R at 22 n.16.)

Lastly, Magistrate Judge Freeman recommended that the Court dismiss remaining claims against defendants who have not yet been served with process. (R&R at 22-23.) She noted that claims against non-served defendants are subject to the same limitations period, and that a court may sua sponte dismiss the claims, provided that the plaintiff has had a notice and opportunity to be heard. (R&R at 22-23, citing Whitfield v. O'Connell, 2010 WL 1010060, at *7 n.4 (S.D.N.Y. Mar. 18, 2010).)

I have reviewed the plaintiff's timely objections. Plaintiff asserts that he suffers from dyslexia, and as a result has a limited ability to read, write, and undertake legal

3

proceedings. (Objections ¶ 1.) He requests accommodations under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., (the "ADA") and asserts that Magistrate Judge Freeman's handling of the case failed to comply with the ADA. (Objections ¶¶ 2-3, 8, 10.) Plaintiff contends that his dyslexia entitles him to appointed counsel (Objections ¶¶ 6-7, 15.)

Magistrate Judge Freeman's R&R discussed in detail the nature of plaintiff's dyslexia, and concluded that it was immaterial to the R&R's conclusions as to plaintiff's time-barred claims. Far from overlooking the plaintiff's disability, the R&R devotes substantial attention to the role it plays in determining whether the plaintiff's claims are tolled. I also note that, upon application from the plaintiff, Magistrate Judge Freeman first afforded the plaintiff more than two months to submit his memorandum in opposition to the defendants' motion. (Docket # 6, 18.) When no opposition papers were submitted by the December 31, 2009 deadline, Magistrate Judge Freeman issued an Order on February 16, 2010 further extending plaintiff's deadline to March 19. (Docket # 21.) Finally, when no opposition memo was submitted, Magistrate Judge Freeman heard oral argument from the plaintiff on March 19. (Docket # 25.) Instead of exhibiting indifference to the plaintiff's condition, Magistrate Judge Freeman generously afforded the plaintiff every available opportunity to be heard.

To the extent that the plaintiff asserts that his dyslexia entitles him to court-appointed counsel, I note that the appointment of counsel is not a right automatically afforded to plaintiffs asserting section 1983 claims. "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); accord Palacio v. City of New York, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007) (counsel

4

should not be appointed unless claim "justif[ies] using the scarce resource of volunteer lawyers."). Judge Lynch, to whom this case was previously assigned, denied without prejudice the plaintiff's previous request for appointment of counsel. (Docket # 4.) In addition, Magistrate Judge Freeman denied plaintiff's request for appointed counsel, but stated in an Order that if plaintiff's claims were not time-barred, she would attempt to secure pro bono counsel to assist him with other arguments raised by the defendants. (Docket # 21.) The plaintiff has provided no cogent reason for the appointment of counsel on these straightforward claims, which turn on well-established principles of law.

Lastly, I note that the R&R recommends sua sponte dismissal of the plaintiff's claims against defendants who were not served. In addition to the R&R's discussion of this issue, I note that Rule 4(m), Fed. R. Civ. P., states that if a defendant "is not served within 120 days after the Complaint is filed," the Court "must dismiss the action," provided that the plaintiff has notice of his Rule 4 service obligations. This action was filed on June 22, 2009. In an Order dated August 25, 2009, Judge Lynch extended the plaintiff's deadline to effectuate service of process. (Docket # 4.) More than 14 months have passed since this action was filed, and defendants Seewald, Massa and John Does #2-14 have not been served. The plaintiff's objections do not attempt to set forth good cause as to his failure to serve these defendants. Plaintiff's continued failure to effectuate service provides additional support to the R&R's recommendation that the Court dismiss the plaintiff's claims as to certain unserved defendants.

I have reviewed Magistrate Judge Freeman's R&R de novo, and adopt it in its entirety. The motion to dismiss is GRANTED. (Docket # 14.) The Clerk is directed to enter judgment for the defendants.

5

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 2, 2010